IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03131-D

**Julio Zelaya Sorto**,

        Plaintiff,

v.

**D. McDonald,** *et al.*,

        Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Julio Zelaya Sorto ("Sorto"), a state inmate proceeding *pro se*, contends that Defendant McDonald assaulted him on three separate occasions between July 6, 2014 and August 3, 2014. Compl. at 11-20, D.E. 1. On June 15, 2015, Sorto filed a Complaint alleging numerous claims relating to these alleged assaults against several different defendants. He now seeks declaratory and injunctive relief, as well as monetary damages.

This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA") and for consideration of Sorto's Motion for Appointment of Counsel. After considering the various filings in this matter, the court will deny his Motion for Appointment of Counsel. Additionally, the court finds that Sorto's claims will be allowed to proceed against Defendants McDonald, Ryan, Crosson, and Lightsey. However, the undersigned magistrate judge recommends that the district court dismiss Sorto's claims against Defendants Bruton, Bond, and Hargrove. The undersigned also recommends that the district court dismiss Sorto's requests for declaratory and injunctive relief because they are mooted by his transfer to a different facility.

1

I.   **Screening Pursuant to the Prison Litigation Reform Act.**

   A.   **Overview of Screening Process**

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011), *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

2

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Sorto's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

B.   Review of § 1983 Claim

Sorto's claim arises out of 42 U.S.C. § 1983, which creates civil liability for any person acting under the color of state law who deprives a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Therefore, in order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

3

Here, Sorto claims that Defendants violated his rights under the Eighth Amendment to the Constitution. The Eighth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and a subjective component—that the prison official acted with a sufficiently culpable state of mind. *Williams v. Benjamin*, 77 F. 3d 756, 761 (4th Cir. 1996). The undersigned shall now examine Sorto's claims against each defendant pursuant to this standard.

Sorto also contends that he was denied due process during prison disciplinary proceedings. In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Due process, in the context of inmate disciplinary proceedings, entails prior written notice of the charge, a written statement by the factfinder as to the evidence relied upon and reasons for the disciplinary action, and the ability of the inmate to call witnesses and present evidence in his defense where such is practicable and consistent with overall correctional goals. *See Wolff*, 418 U.S. at 557-64. Furthermore, due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

**A.     McDonald**

McDonald is a correctional officer employed at Polk Correctional Institution ("Polk"). Sorto contends that McDonald assaulted him on July 6, July 8, and August 3, 2014. Compl. at 11–20, D.E. 1. Specifically, Sorto alleges that McDonald pepper sprayed him on July 6, 2014

4

while Sorto was in full restraints. *Id.* at 12. Likewise, he asserts that, on July 8, 2014, McDonald "grabbed him from behind . . . [and] threw him against the concrete floor and pushed his head into the concrete as he lay unresisting in full restraints." *Id.* at 15. Finally, on August 3, 2014, Sort asserts that McDonald "punched . . . [Sorto's] forehead, face, and neck . . . with his heavy boots . . . inflict[ing] physical injuries and severe pain intentionally." *Id.* at 20–21. In adjudicating an excessive force claim, the court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Albers*, 475 U.S. at 320–21. The court is satisfied that Sorto's allegations are sufficient to state a claim for a violation of his Eighth Amendment rights, and Sorto's claims against McDonald will be allowed to proceed.

**B.     Ryan and Crosson**

Crosson and Ryan are correctional officers at Polk. Compl. at 2–3, D.E. 1. Sorto contends that Ryan and Crosson failed to adequately protect him from McDonald's assaultive behavior. For example, Sorto alleges that "[o]n several occasions prior to July, 2014, . . . [he] informed Ryan and Crosson that he feared for his personal health and safety due to serious conflicts he was having with McDonald." *Id.* at 13. Moreover, Sorto also asserts that Ryan and Crosson personally observed at least one of the assaults and failed to intervene. *Id.* at 22.

"[P]rison officials . . . must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). Sorto's allegations are sufficient to state a claim for a violation of his Eighth Amendment rights, and, therefore, Sorto's claims against Ryan and Crosson will be allowed to proceed.

5

### C. Bruton and Bond

Bruton and Bond are disciplinary hearing officers at Polk. Compl. at 3, D.E. 1. As a result of his interaction with McDonald on July 8, 2014, Sorto was charged with a disciplinary infraction. *Id.* at p. 23. Specifically, Sorto was charged with spitting on McDonald. *Id.* After a disciplinary hearing, Sorto was found guilty of this infraction and sentenced "to 180 days in high security maximum control, solitary confinement." *Id.* at 25. Sorto also lost 10 days of good-time credit. Pl. Ex. at 2, D.E. 1-1. Sorto contends that there is insufficient evidence to support this conviction, and, accordingly, Bruton and Bond violated his right to Due Process. Compl. at 28–29, D.E. 1.

In order to recover damages for an allegedly unconstitutional conviction, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff, proceeding pursuant to § 1983, must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486487 (1994). The holding in *Heck* also extends to a prisoner's claim for damages related to the loss of earned good time credits as a result of prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) Here, Sorto does not allege that his disciplinary conviction has been invalidated. Thus, he is unable to meet *Heck*'s requirements. Because Sorto's disciplinary conviction has not been overturned or otherwise invalidated, he may not proceed with his § 1983 claim challenging the validity of his disciplinary conviction. Accordingly, Sorto's claims against Bruton and Bond should be dismissed without prejudice. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)

(holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

### D. Lightsey

Sorto alleges that Lightsey is a "medical administrator" at Polk, and that Lightsey was deliberately indifferent to his serious medical needs. Compl. at 3, 29–32, D.E. 1. Specifically, Sorto asserts that he has submitted numerous sick call requests as a result of the injuries McDonald allegedly inflicted upon him. *Id.* at 31. He further contends that Lightsey is disregarding these requests for medical treatment, and as a result, Sorto "is in great pain." *Id.* at 31–32.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). To prevail on an Eighth Amendment claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones,* 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition**,**" while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.* "Deliberate indifference" requires that the prison official(s) knew of and ignored the inmate's serious medical needs. *Young v. City of Mount Ranier,* 238 F.3d 567, 575–76 (4th Cir. 2001) (citing *White ex rel. Chambliss,* 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference ... implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice."). Sorto's allegations are

7

sufficient to state a claim for a violation of his Eighth Amendment rights, and, therefore, his claims against Lightsey will be allowed to proceed.

### E. Hargrove

Hargrove is an assistant unit manager at Polk, and was allegedly involved in processing the grievances Sorto filed in connection with the instant claims. Compl. at 3, 32–35, D.E. 1. Sorto alleges that Hargrove violated his due process rights in connection with the grievance process. However, there is no constitutional right to a grievance process. *Adams*, 40 F.3d at 75. Thus, Sorto's claims against Hargrove should be dismissed as frivolous.

### F. Injunctive Relief

In addition to monetary damages, Sorto also seeks declaratory and injunctive relief. Compl. at 41–42, D.E. 1. The court's docket sheet reflects that plaintiff no longer is incarcerated at Polk, where this cause of action arose. Accordingly, Sorto's claims for injunctive and declaratory relief are now moot. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir.2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *Rankins v. Rowland*, 200 F. App'x 207, 208 (4th Cir. Aug. 29, 2006); *see also, Saguilan v. Bullock*, No. 1:07CV29, 2010 WL 3260158, at *2 (M.D.N.C. Aug. 16, 2010) ("Alternatively, Defendants are entitled to summary judgment on grounds of mootness due to Plaintiff's release from state custody, given that the Complaint seeks only injunctive and/or declaratory relief."). Therefore, Sorto's claims for claims for injunctive and declaratory relief should be dismissed.

8

Case 5:15-ct-03131-D   Document 10   Filed 12/18/15   Page 8 of 11

**II.     Motion to Appoint Counsel**

As for Sorto's motion for appointment of counsel (D.E. 4), there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Sorto's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding *pro se*. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, Sorto's motion requesting that he be appointed counsel is DENIED.

**III.    Conclusion**

As discussed above, the Court orders as follows:

1.    The court will allow Sorto's claims against McDonald, Ryan, Crosson, and Lightsey to proceed.

2.    Sorto's Motion for Appointment of Counsel is denied.

3.    The Clerk of Court shall proceed with management of this action under the provisions of Standing Order 14-SO-02 regarding service of process upon current and former employees of the North Carolina Department of Public Safety.

9

4.      If service on the Defendants pursuant to the standing order fails, the court directs the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

Furthermore, the undersigned recommends that the district court dismiss Sorto's claims against Bruton, Bond, and Hargrove, as well as his claims for injunctive and declaratory relief.

The Clerk of Court shall serve a copy of this Order and Memorandum and Recommendation on plaintiff.  Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: December 18, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

11