IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3131-D

| | | |
|---|---|---|
| JULIO ZELAYA SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| D. McDONALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 18, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 10]. In that M&R, Judge Numbers recommended that this court permit Julio Zelaya Sorto's ("Sorto" or "plaintiff") Eighth Amendment claims for monetary damages against defendants McDonald, Ryan, Crosson, and Lightsey to survive frivolity review. See id. 4–5, 7–8. Judge Numbers also recommended that this court dismiss as frivolous Sorto's claims against defendants Bruton, Bond, and Hargrove, as well as his claims for injunctive and declaratory relief. See id. 6–8. Judge Numbers also denied plaintiff's motion to appoint counsel. Id. 9. Sorto filed objections to the M&R [D.E. 11]. In his objections, Sorto also renewed his request for the appointment of counsel.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Sorto's objections. As for those portions of the M&R to which Sorto made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed Sorto's objections de novo. First, Sorto contends that Judge Numbers erred in concluding that Heck v. Humphrey, 512 U.S. 477 (1994), barred his claims against Bruton and Bond. Bruton and Bond are disciplinary hearing officers. Compl. [D.E. 1] 3. On July 8, 2014, Sorto was charged with a disciplinary infraction for spitting on McDonald. Id. 23. After a disciplinary hearing, Sorto was found guilty of this infraction and sentenced "to 180 days in high security maximum control, solitary confinement." Id. 25. Sorto also lost 10 days of good-time credit. Pl. Ex. A [D.E. 1-1] 2. Sorto contends that insufficient evidence supported this conviction. Accordingly, Sorto contends that Bruton and Bond violated his right to due process. Compl. 28–29.

In his objections, Sorto argues that Bruton and Bond denied him due process because "none of the witnesses he requested were called." Objs. [D.E. 11] 5. To state a section 1983 claim for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would invalidate a conviction or sentence, a plaintiff must show that the underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck, 512 U.S. at 486–87; see Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

2

Although Heck does not apply to all suits challenging prison disciplinary proceedings,[1] Sorto seeks reversal of his disciplinary conviction. Thus, success on Sorto's section 1983 claim would necessarily imply the invalidity of that conviction. Because Sorto's disciplinary conviction has not been overturned or otherwise invalidated, Sorto may not proceed with his section 1983 claim concerning his disciplinary conviction. Thus, the court adopts Judge Numbers's recommendation and dismisses this claim and dismisses defendants Bruton and Bond.

Next, Sorto contends that Judge Numbers erred in concluding that his claims for declaratory and injunctive relief were moot. Specifically, Sorto argues that these claims are not moot because they are "likely to happen again." Objs. 7.

While Sorto was housed at Polk Correctional Institution ("Polk"), McDonald (another inmate) allegedly assaulted him on three separate occasions. Compl. [D.E. 1] 11–20. Sorto's remaining claims relate to (1) the alleged failure of other correctional officers to protect him from these assaults; (2) defendants' deliberate indifference to the injuries Sorto sustained during these alleged assaults; and (3) the disciplinary conviction that Sorto received as a result of his interactions with McDonald.

After Sorto filed his complaint, Sorto was transferred from Polk to Alexander Correctional Institution ("Alexander") [D.E. 8]. When a prisoner is no longer subject to the alleged unconstitutional condition, claims for injunctive and declaratory relief are moot. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief

---

[1] See Muhammad v. Close, 540 U.S. 749, 751, 755 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

3

with respect to his incarceration there."); Rankins v. Rowland, 200 F. App'x 207, 208 (4th Cir. 2006) (per curiam) (unpublished); Saguilan v. Bullock, No. 1:07CV29, 2010 WL 3260158, at *2 (M.D.N.C. Aug. 16, 2010) (unpublished). Sorto has failed to plausibly allege that McDonald is likely to assault him while he is housed at Alexander or that the defendants will deprive him of his constitutional rights at Alexander. Thus, the court adopts Judge Numbers's recommendation and dismisses Sorto's claims for declaratory and injunctive relief.

Next, Sorto contends that Judge Numbers erred in concluding that Sorto failed to assert a constitutional violation against Hargrove. Hargrove was responsible for processing the numerous grievances Sorto filed. Sorto contends that Hargrove did not comply "with prison grievance procedures" and that his "exhaustion efforts had been significantly thwarted by defendant Hargrove." Compl. 33.

Sorto does not have a constitutional right to participate in an effective grievance process. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Oliver v. Myers, No. 7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (unpublished) ("[B]ecause state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts.") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009) (per curiam) (unpublished). Furthermore, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009) (unpublished). Thus, the court adopts Judge Numbers's recommendation and dismisses Sorto's claim against Hargrove related to the grievance procedure at Polk.

4

Finally, Sorto renews his request for the appointment of counsel. Objs. 23–24. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Sorto's abilities do not present exceptional circumstances. Accordingly, the court denies Sorto's renewed motion for appointed counsel.

In sum, plaintiff's objections to the M&R [D.E. 11] are OVERRULED, and the court ORDERS:

1. Plaintiff's claims against defendants Bruton, Bond, and Hargrove, as well as his claims for injunctive and declaratory relief, are DISMISSED without prejudice;

2. Plaintiff's renewed motion for appointed counsel is DENIED;

3. Plaintiff's claims for monetary damages for violations of his Eighth Amendment rights against defendants McDonald, Ryan, Crosson, and Lightsey may proceed. The clerk shall manage the action pursuant to Standing Order 14-SO-02. If service on any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 19 day of April 2016.

JAMES C. DEVER III
Chief United States District Judge