UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03131-D

**Julio Zelaya Sorto**,

        Plaintiff,

v.

**D. McDonald, et al.**,

        Defendants.

**Order &**
**Memorandum & Recommendation**

Plaintiff Julio Zelaya Sorto ("Sorto" or "plaintiff"), a state inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 (D.E. 1). This matter is before the court upon the following motions: (1) defendant Lightsey's motion for judgment on the pleadings (D.E. 40); (2) plaintiff's second motion for entry of default (D.E. 74); and (3) plaintiff's motion to amend his complaint (D.E. 76). For the following reasons, the undersigned recommends that the district court allow Lightsey's motion for judgment on the pleadings. In addition, plaintiff's second motion for entry of default is denied, and plaintiff's motion to amend is allowed in part and denied in part.

**I.    Background**

In his complaint, Sorto contends, *inter alia*, that he was assaulted by defendant McDonald on three separate occasions between July 6, 2014 and August 3, 2014. Compl. at 11-20, D.E. 1. On April 19, 2016, Sorto's claims against defendants Bruton, Bond, and Hargrove, as well as Sorto's claims for injunctive and declaratory relief, were dismissed without prejudice.

1

April 19, 2016 Order at 5, D.E. 12. However, his claims for monetary damages against defendants McDonald, Ryan, Crosson, and Lightsey were allowed to proceed. *Id.* Ryan, Crosson, and Lightsey are represented by counsel, while McDonald is currently proceeding *pro se* (D.E. 15, 19, 34, 66). To assist the court in effecting service, the North Carolina Department of Public Safety has filed McDonald's address under seal (D.E. 20).

On September 2, 2016, Lightsey filed a motion for judgment on the pleadings (D.E. 40), arguing that Sorto's claims against him were barred by the doctrine of claim preclusion. Sorto responded to this motion on September 21, 2016 (D.E. 53), and Lightsey has filed a reply (D.E. 54). Lightsey's motion for judgment on the pleadings has been referred to the undersigned.

After conducting a hearing, the undersigned denied Sorto's motions to strike Ryan's Answer[1] (D.E. 39) and for entry of default against McDonald (D.E. 50). October 20, 2016 Order (D.E. 64). McDonald was instructed to file a response to Sorto's complaint no later than 14 days after he was served with a copy of the undersigned's October 20, 2016 Order. *Id.* Furthermore, McDonald was also instructed to either obtain representation or provide reasons why the court should not unseal his address. *Id.* McDonald was personally served with the October 20, 2016 order on October 27, 2016 (D.E. 70). McDonald did not respond in any way to the October 20, 2016 Order before the time for doing so expired.

On November 10, 2016, Sorto renewed his motion for entry of default against McDonald (D.E. 74). Furthermore, Sorto filed a motion to amend his complaint on November 18, 2016. In

---

[1] On July 20, 2016, Ryan, proceeding *pro se*, filed a document that was construed by this court as his Answer (D.E. 26). However, testimony during the October 20, 2016 hearing indicated that Ryan incorrectly believed he was being represented by the North Carolina Attorney General ("NCAG"). Since that time, the NCAG has entered a notice of appearance on Ryan's behalf (D.E. 66).

2

Case 5:15-ct-03131-D   Document 84   Filed 12/22/16   Page 2 of 13

this motion to amend, Sorto states that he seeks to formally withdraw his claims against the defendants who were dismissed from this action during the court's frivolity review (D.E. 76). Sorto attached a proposed amended complaint to this motion (D.E. 76–3), in which he not only withdraws his claims against Bruton, Bond, and Hargrove but also elaborates upon his claims against McDonald, Ryan, Crosson, and Lightsey. Lightsey responded in opposition to Sorto's motion to amend on December 5, 2016 (D.E. 79), arguing that Sorto's proposed amendments were barred by the doctrine of claim preclusion.

McDonald, still proceeding *pro se*, filed an untimely response to Sorto's Complaint on December 7, 2016 (D.E. 82). Although this *pro se* filing will be construed as an Answer to Sorto's Complaint, the court notes that it lacks polish and is not a model of clarity. Moreover, McDonald has failed to provide the court with any reasons why his address should not be unsealed.

## II.     Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute; therefore, the court can decide the case on its merits by considering the pleadings along with any materials referenced in and attached to the pleadings. *See id.* 10(c), 12(c). In addition, a court may consider "documents incorporated into the [pleadings] by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Thompson* v. *Greene*, 427 F.3d 263, 268 (4th Cir. 2005); *Fayetteville Inv'rs* v. *Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). To that end, "[w]hen

3

entertaining a motion . . . on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Q Int'l Courier, Inc.* v. *Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) (citing *Andrews* v. *Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

The same standard of review applied to a motion to dismiss under Rule 12(b)(6) also applies to a motion for judgment on the pleadings under Rule 12(c). *See Burbach Broad. Co. of Del.* v. *Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 563–70 (2007); *Coleman* v. *Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 132 S. Ct. 1327 (2012); *Giarratano* v. *Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Goodman* v. *Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Erickson* v. *Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 677–80; *Giarratano*, 521 F.3d at 302. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302 (quotation omitted).

Lightsey argues that Sorto's claims against him are barred by the doctrine of claim preclusion. "Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal.* v. *Aracoma Coal Co.*, 556 F.3d 177, 210 (4th

4

Cir. 2009) (quoting 18 James Wm. Moore, *et al.*, *Moore's Fed. Practice* § 131.10(1)(a) (3d ed. 2008)). Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel* v. *United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quotation and alteration omitted). As the Fourth Circuit has explained:

> [T]he preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Pension Benefit Guar. Corp.* v. *Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quotation and alteration omitted). The doctrine encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes. *See, e.g., Pueschel*, 369 F.3d at 354–56.

In order to find that a case is barred, the court must find: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Beverley*, 404 F.3d at 248 (quotations omitted). "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quotation omitted); *see Rodriguez* v. *Shulman*, 844 F. Supp. 2d 1, 9–10 (D.D.C. 2012).

In the instant complaint, Sorto contends that Lightsey was deliberately indifferent to the injuries he sustained after the alleged August 3, 2014 assault. Compl. at 29-32, D.E. 1.

5

Specifically, Sorto asserts that he was examined by Lightsey on August 6, 2014. *Id.* at 30. Sorto submitted a sick call request on August 9, 2014, seeking treatment for the following symptoms: "cervical spine pain, shoulder. left hand wrist ligament trauma throbbed pricking. right ear out of tone. right eye blurred vision. lower back pain increased and head injury. new injuries." *Id.* at 30 (capitalization as in original). Sorto alleges that his August 9, 2014 sick call request was rejected because his "concerns [had] already [been] addressed." *Id.* Sorto contends that he submitted several other sick call requests related to the injuries he allegedly sustained on August 3, 2014, and they were all ignored. *Id.* at 31.

Sorto raised these claims previously in *Sorto* v. *Stover*, No. 5:14-CT-3130-FL (E.D.N.C. filed May 15, 2014) ("*Sorto I*"). In ruling on a motion for summary judgment in that case, United States District Judge Louise W. Flanagan thoroughly examined the medical record and outlined in detail the medical care Sorto received from Lightsey after the August 3, 2014 incident. *Sorto* v. *Stover*, No. 5:14-CT-3130-FL, 2016 WL 4257343 (E.D.N.C. Aug. 11, 2016). After summarizing the record, Judge Flanagan dismissed Sorto's deliberate indifference claim against Lightsey in a written order, finding:

> Plaintiff contends that Lightsey acted with deliberate indifference to plaintiff's left arm, wrist, hand, and back pain. The record reflects that, during the relevant time period, defendant Lightsey examined plaintiff on at least 12 occasions, performed chart reviews on approximately 45 occasions, and was consulted by telephone on at least two occasions. (Lightsey Aff. ¶ 165). In response to plaintiff's complaints, Lightsey prescribed plaintiff several pain medications including Baclofen, Topamax, Dolobid, Mobic, Norco, Robaxin, Toradol, Flexeril, a Sterapred dose pack, Indomethacin, and Zostrix cream. (*Id.*) In addition to medication, Lightsey ordered and reviewed several diagnostic studies including x-rays and three MRIs. (*Id.*) Plaintiff has produced no evidence to refute defendant Lightsey's showing that plaintiff received continuous and responsive treatment for his complaints of back, arm, wrist, and hand pain.

6

> To the extent plaintiff asserts that defendant Lightsey's efforts in treating his pain was not effective, such allegations do not give rise to a constitutional violation.

*Id* at *8.[2] In sum, there has been a final judgment on the merits of these claims in a prior suit, and there is an identity of the cause of action and of the parties in both actions. Thus, Sorto's claims against Lightsey relating to the medical treatment he received after McDonald allegedly assaulted him are precluded, and the undersigned recommends that Lightsey be dismissed as a defendant from this action. *See Beverley*, 404 F.3d at 248.

### III.  Motion for entry of default

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States* v. *Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed.R.Civ.P. 55(b).

The relationship between the entry of default and default judgments has been summarized as follows:

> The entry of default and default judgments are governed by Fed. R. Civ. P. 55, which entails two distinct steps. The first step is the Clerk's entry of default, which is governed by Fed. R. Civ. P. 55(a). It provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The second step is the entry of default judgment. When, as here, the claim is not for a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Rule 55(c) is also pertinent. It provides: "The court may set aside an entry of default for good cause...."

---

[2] Sorto filed a notice of appeal in *Sorto I* on August 24, 2016.

*Nat'l Liab. & Fire Ins. Co.* v. *Rooding*, No. CV ELH-15-2572, 2016 WL 5144493, at *5 (D. Md. Sept. 21, 2016).

Furthermore, courts are "vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *Harper* v. *Barbagallo*, No. 2:14-CV-07529, 2015 WL 4934749, at *3 (S.D.W. Va. July 17, 2015), *report and recommendation adopted*, No. 2:14-CV-07529, 2015 WL 4935358 (S.D.W. Va. Aug. 17, 2015). However, a default judgment may be appropriate where the "adversary process has been halted because of an essentially unresponsive party." *S.E.C.* v. *Lawbaugh*, 359 F. Supp. 2d 418, 421 (D.Md.2005).

Nonetheless, default judgments are not favored. *See Moradi*, 673 F.2d at 727; *U.S. Foodservice, Inc.* v. *Donahue*, 764 F. Supp. 2d 816, 819 (S.D.W. Va. 2011). Accordingly, an entry of default may be set aside. The Fourth Circuit has articulated six factors for courts to review in deciding whether to set aside an entry of default. *See Colleton Preparatory Acad.* v. *Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also Payne ex rel. Estate of Calzada* v. *Brake*, 439 F.3d 198, 203 (4th Cir. 2006); Fed. R. Civ. P. 55(c). "[A] district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton*, 616 F3d at 417 (quoting *Payne*, 439 F.3d at 204-05).

Here, McDonald filed an untimely response to the undersigned's October 20, 2016 order. Moreover, his response is not a model of clarity, nor did it completely respond to all the concerns raised by the undersigned. Nonetheless, because McDonald did eventually respond, and in light

of the fact that default judgments are not favored, Sorto's second motion for entry of default (D.E. 74) is DENIED.

Nonetheless, the undersigned admonishes McDonald that Sorto's claims have survived frivolity review. Therefore, McDonald potentially faces liability for the injuries Sorto allegedly sustained. As such, McDonald proceeds *pro se* at his own peril. As previously noted, McDonald's failure to participate in this litigation has led to the filing of two motions for entry of default against him. Although those motions were denied, McDonald's lack of responsiveness is still troubling. McDonald will potentially be required to attend motion hearings, settlement conferences, and other court proceedings. If this matter proceeds to trial, McDonald's presence will be mandatory. To date, McDonald has already failed to appear for a hearing that he was specifically ordered to attend (D.E. 59). Likewise, his sole filing in this case was untimely and incomplete. Any further failure by McDonald to attend proceedings where his attendance is required or to timely comply with this court's orders could lead to an entry of default against him. *Johnson* v. *Robert Shields Interiors, Inc.*, No. 1:15CV820, 2016 WL 2739270, at *3 (E.D. Va. May 11, 2016) (finding that "default judgment is the most appropriate sanction [where] defendant has on numerous occasions failed to appear in court when required, failed to respond to plaintiff's discovery requests as required and failed to comply with the orders of this Court."). Moreover, McDonald will be required to provide plaintiff with discovery, and the current deadline for responding to plaintiff's discovery requests is March 31, 2017 (D.E. 69). As part of discovery, McDonald may be required to attend depositions. Judgment could also be entered against McDonald if he fails to fulfill his discovery obligations. *Id.*; *Kapusta* v. *Wings Etc., LLC*, No. 2:10-CV-1388-MBS-BM, 2011 WL 3626517, at *2 (D.S.C. July 28, 2011) ("[T]he *pro se*

9

Defendant [is] placed on notice that if he fails to provide or permit discovery in the case, summary judgment will be granted against him"), *report and recommendation adopted*, No. CA 2:10-1388-MBS-BM, 2011 WL 3626643 (D.S.C. Aug. 17, 2011); F.R.Civ.P. 37(b). For these reasons, the court strongly encourages McDonald to seek representation in this matter. The court encourages McDonald to consult with the attorneys from the Attorney General's office to discus what options are available to him for representation. Additionally, McDonald may contact the that the North Carolina Bar Association's lawyer referral service at 1-800-662-7660 or 919-677-8574. *See http://www.ncbar.org/public-resources/lawyer-referral-service/*.

Moreover, despite being specifically directed to do so, McDonald has not provided the court with any reasons for the court to not unseal his address. Therefore, McDonald shall have until 21 days after the date of this order to have an attorney appear on his behalf. Otherwise, the Clerk of Court will be directed to make McDonald's address available to Sorto. Again, the court reiterates that this is another reason for McDonald to seek representation, as obtaining representation would alleviate the need to release his address to Sorto.[3]

## IV. Motion to Amend

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After expiration of this time period, a party may amend only with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15, a "motion to amend should be denied only

---

[3] If McDonald's address is released to Sorto, it is the court's expectation that Sorto will only use that address for the purposes of litigating this action. The court will not hesitate to impose sanctions upon Sorto if he uses McDonald's address to harass McDonald.

where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.* v. *Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see Foman* v. *Davis*, 371 U.S. 178, 182 (1962).

First, Sorto states that he seeks to amend his complaint to withdraw claims against defendants who have already been dismissed from this action. This request is denied as moot.

Likewise, Sorto's proposed amended complaint includes new allegations against Lightsey. These new allegations arise out of the same transaction or series of transactions or the same core operative facts as Sorto's claim against Lightsey in *Sorto I*. Because claim preclusion "not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated", Sorto's motion to amend is denied as futile with regard to any new allegations against Lightsey. *Pueschel*, 369 F.3d at 355-56.

Finally, the remainder of Sorto's proposed amended complaint elaborates upon his claims against McDonald, Ryan, and Crosson. In light of the liberal standard in favor of amendment, Sorto's motion to amend is allowed with regard to the new allegations against McDonald, Ryan, and Crosson. However, any further amendments will be strongly disfavored.

**V.     Conclusion**

For the aforementioned reasons, the undersigned recommends that the district court allow Lightsey's motion for judgment on the pleadings (D.E. 40), and dismiss Lightsey as a defendant from this action.

In addition, plaintiff's second motion for entry of default (D.E. 74) is denied, and plaintiff's motion to amend (D.E. 76) is allowed in part and denied in part. Specifically, Sorto's motion to amend: (1) is denied as moot with regard to his request to withdraw previously

11

dismissed claims; (2) is denied as futile with regard to his new allegations against Lightsey; and (3) is allowed with regard to his new allegations against McDonald, Ryan, and Crosson. Sorto is on notice that any further amendments will be strongly disfavored.

Finally, McDonald shall have until 21 days after the date of entry of this Order to have an attorney appear on his behalf. Otherwise, the Clerk of Court shall provide McDonald's address to Sorto.

The Clerk of Court shall serve a copy of this Order and Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court**

**of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright* v. *Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: December 22, 2016.

                                *Robert T. Numbers II*
                                ROBERT T. NUMBERS, II
                                UNITED STATES MAGISTRATE JUDGE

13