IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3131-D

| | | |
|---|---|---|
| JULIO ZELAYA SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| D. MCDONALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 22, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 84]. In that M&R, Judge Numbers recommended that the court grant defendant Joseph Lightsey's ("Lightsey") motion for judgment on the pleadings [D.E. 40]. On January 25, 2017, plaintiff Julio Zelaya Sorto ("Sorto"), a state inmate proceeding pro se, objected to the M&R [D.E. 86].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not

countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Sorto's objections do not meaningfully rebut Judge Numbers' recommendations. Compare M&R 4–7 with Objs. [D.E. 86] 2. Indeed, Sorto does not address defendant's Lightsey's motion for judgment on the pleadings in his objections. See Objs. 2. Instead, Sorto uses his objections to bring other miscellaneous issues to the court's attention and "asks the court to review" the M&R. See id. Because Sorto's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Sorto's objections lack merit. Lightsey moved for the dismissal of Sorto's claims against him pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See [D.E. 40]. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are not in dispute and the court can decide the case on its merits by considering the pleadings along with any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c).

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as for a motion to dismiss under Rule 12(b)(6). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012). In analyzing a motion for a judgment on the pleadings, a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677-83 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 570 (2007); Coleman v. Md.

2

Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In evaluating a motion for judgment on the pleadings, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarratano, 521 F.3d at 302.

Sorto alleges that defendant McDonald assaulted him on three separate occasions between July 6, 2014, and August 3, 2014. Compl. [D.E. 1] 11-20.[1] Sorto contends that Lightsey was deliberately indifferent to the injuries he sustained after the August 3, 2014 assault. Id. at 29-32. In response, Lightsey argues that the doctrine of claim preclusion bars Sorto's claims against him.

"[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (quotation and alteration omitted). A claim or defense need not have been "actually presented in previous litigation," because claim preclusion also bars "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation and alteration omitted). The doctrine encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes. See, e.g., Pueschel, 369 F.3d at 354–56.

---

[1] Sorto's claims against defendants McDonald, Crosson, and Ryan survived frivolity review. See [D.E. 10].

3

To conclude that a case is barred, the court must find: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Beverley, 404 F.3d at 248 (quotation omitted). "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355 (quotation omitted).

Sorto raised the claims concerning Lightsey's alleged deliberate indifference in Sorto v. Stover, No. 5:14-CT-3130-FL (E.D.N.C. filed May 15, 2014) ("Sorto I"). In granting summary judgment to Lightsey in that case, United States District Judge Louise W. Flanagan thoroughly examined the medical record and outlined in detail the medical care Sorto received from Lightsey after the August 3, 2014 incident. See Sorto v. Stover, No. 5:14-CT-3130-FL, 2016 WL 4257343, at * 6–8 (E.D.N.C. Aug. 11, 2016) (unpublished). After summarizing the record, Judge Flanagan rejected Sorto's deliberate indifference claim against Lightsey and held:

> Plaintiff contends that Lightsey acted with deliberate indifference to plaintiff's left arm, wrist, hand, and back pain. The record reflects that, during the relevant time period, defendant Lightsey examined plaintiff on at least 12 occasions, performed chart reviews on approximately 45 occasions, and was consulted by telephone on at least two occasions. In response to plaintiff's complaints, Lightsey prescribed plaintiff several pain medications including Baclofen, Topamax, Dolobid, Mobic, Norco, Robaxin, Toradol, Flexeril, a Sterapred dose pack, Indomethacin, and Zostrix cream. In addition to medication, Lightsey ordered and reviewed several diagnostic studies including x-rays and three MRIs. Plaintiff has produced no evidence to refute defendant Lightsey's showing that plaintiff received continuous and responsive treatment for his complaints of back, arm, wrist, and hand pain.
>
> To the extent plaintiff asserts that defendant Lightsey's efforts in treating his pain was not effective, such allegations do not give rise to a constitutional violation.

Id. at *8 (citations omitted).

4

On January 25, 2017, the Fourth Circuit affirmed the judgment in Sorto I. See Sorto v. Stover, No. 16-7141, 2017 WL 360549 (4th Cir. Jan. 25, 2017) (per curiam) (unpublished). Here, there has been a final judgment on the merits of Sorto's claims against Lightsey in a prior suit, and there is an identity of the cause of action and of the parties in both actions. Thus, Sorto's claims against Lightsey concerning the medical treatment he received from Lightsey after McDonald allegedly assaulted him on August 3, 2014, are precluded. See, e.g., Beverley, 404 F.3d at 248.

In sum, after reviewing the M&R, the record, and Sorto's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Sorto's objections [D.E. 86] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 84]. Lightsey's motion for judgment on the pleadings [D.E. 40] is GRANTED, and Sorto's claims against Lightsey are DISMISSED.

SO ORDERED. This __28__ day of March 2017.

JAMES C. DEVER III
Chief United States District Judge

5

Case 5:15-ct-03131-D Document 95 Filed 03/28/17 Page 5 of 5