IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3131-D

| | |
|---|---|
| JULIO ZELAYA SORTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| D. McDONALD, et al., ) | |
| ) | |
| Defendants. ) | |

On January 25, 2018, Magistrate Judge Numbers issued an Order and Memorandum and Recommendation ("M&R") [D.E. 116] concerning Julio Zelaya Sorto's ("Sorto") action under 42 U.S.C. § 1983. In that M&R, Judge Numbers recommended that the court deny Sorto's motion for summary judgment [D.E. 110] and grant in part and deny in part defendants Sgt. Crosson's ("Crosson") and Irvin Ryan Jr.'s ("Ryan") motion for summary judgment [D.E. 103]. Specifically, the M&R recommended granting summary judgment to Crosson and Ryan concerning Sorto's failure-to-protect claim and dismissing Ryan from this action, but denying Crosson's motion for summary judgment concerning Sorto's failure-to-decontaminate claim. On February 15, 2018, Sorto objected to the M&R [D.E. 117]. Crosson and Ryan did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at

315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Sorto contends that, on three occasions between July 6, 2014, and August 3, 2014, defendant Domonique McDonald ("McDonald") assaulted him.[1] When the alleged assaults occurred, McDonald and Crosson were correctional officers at Polk Correctional Institution ("Polk"), Sorto was an inmate at Polk, and Ryan was Assistant Superintendent at Polk. Sorto claims that Ryan and Crosson failed to protect him from these assaults. Sorto also contends that McDonald pepper-sprayed him on July 6, 2014, and that Crosson delayed any decontamination procedures for at least four hours.

The court has reviewed the M&R, the record, and Sorto's objections. As for those portions of the M&R to which the parties did not object, the court is satisfied that there is no clear error on the face of the record. The court has reviewed de novo the portions of the M&R to which Sorto objected.

Viewing the evidence in the light most favorable to Sorto, the court grants summary judgment to Crosson and Ryan concerning the failure-to-protect claim arising from the alleged assault on July 6, 2014, but denies summary judgment to Crosson and Ryan as to the failure-to-protect claim arising

---

[1] McDonald is in default because he did not respond to Sorto's motion for summary judgment and changed his address without notifying the court. M&R at 15; see [D.E. 119].

2

from McDonald's alleged assault of Sorto on July 8, 2014, and August 3, 2014. Likewise, the court denies summary judgment to Crosson on the failure-to-decontaminate claim arising on July 6, 2014. Genuine issues of material fact exist concerning these claims.

In sum, viewing the evidence in the light most favorable to Sorto, the court ADOPTS in part and REJECTS in part the conclusions in the M&R [D.E. 116], OVERRULES in part and SUSTAINS in part Sorto's objections [D.E. 117], DENIES Sorto's motion for summary judgment [D.E. 110], and GRANTS in part and DENIES in part Crosson's and Ryan's motion for summary judgment [D.E. 103].

The clerk shall serve a copy of this order on North Carolina Prisoner Legal Services, Inc., ("NCPLS"). NCPLS SHALL review this case and file a response on or before April 3, 2018, stating whether it will agree to represent Sorto at trial. The court DIRECTS each party to file a response to this order on or before April 3, 2018, stating whether a court-hosted settlement conference would be beneficial to resolving this case. Each party also shall state whether the party is willing to waive a jury trial in this case. See Fed. R. Civ. P. 38(d), 39(a)(1); Dell'Orfano v. Romano, 962 F.2d 199, 202 (2d Cir. 1992).

SO ORDERED. This **28** day of February 2018.

JAMES C. DEVER III
Chief United States District Judge

3